BRUCE C. FUNK (SBN 122340)
Law Office of Bruce C. Funk
46 West Santa Clara Street
San Jose, California 95113
Telephone: (408) 280-6488
Facsimile: (408) 286-3139
Email: bcfunkesq@aol.com

Attorney for Defendant,
Eber Estrada-Hernandez

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EBER ESTRADA-HERNANDEZ,<br>Defendant. | CASE NO.: 25CR00313 BLF<br>**DEFENDANT'S SENTENCING MEMORANDUM**<br>Date: 10/6/26<br>Time: 9:00 am<br>Judge: Hon. Beth Labson Freeman |

## INTRODUCTION

Defendant Eber Estrada-Hernandez respectfully submits this memorandum to assist the Court in fashioning an appropriate sentence in this case. As discussed below, Mr. Estrada-Hernandez respectfully requests that the Court impose a sentence of 48 months on each count to run concurrent. Mr. Estrada-Hernandez has pled guilty to Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(vi) and 8 U.S.C. § 1326(a) and (b)(1) Illegal Re-Entry Following Removal. Probation has calculated an adjusted offense level 29, Criminal History Category I, with an advisory guideline range of 87-108 months for Count 1 and an adjusted offense level 8, Criminal History Category I for Count 4, within Zone D. *See* Presentence Report ("PSR") at ¶ 60, 67 and Sentencing Recommendation. Probation recommends that the Court sentence Mr. Estrada-Hernandez to 66 months.

Mr. Estrada-Hernandez respectfully submits that a custodial sentence of 48 months on each count to run concurrent satisfies the sentencing factors enumerated in 18 U.S.C. § 3553.

## BACKGROUND

United States Probation has sufficiently detailed the nature and circumstance of the offense and Mr. Estrada-Hernandez's personal history and characteristics in the PSR prepared in this matter. *See* PSR ¶¶ 8-32; 74-92. Accordingly, the defense will forgo a recitation of those factors here.

## ARGUMENT

### I. The Factors Enumerated in 18 U.S.C. § 3553(a) Support a Sentence of Time Served

It is well-settled that this Court has authority and responsibility to exercise its discretion to weigh the factors set forth at 18 U.S.C. § 3553(a) to fashion a reasonable and appropriate sentence that comports with the purposes of criminal sentencing. *United States v. Booker*, 543 U.S. 220 (2005). While the Guidelines are to be respectfully considered, they are but one factor among many to be taken into account in arriving at an appropriate sentence. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). While giving due consideration to the Guidelines, the Court has the independent authority and responsibility to consider all of the factors identified in § 3553(a) and to ensure that the sentence is "sufficient, but not greater than necessary" to serve the goals outlined in subsection (a)(2).

#### A. The Nature and Circumstances of the Offense Support a Variance

In sentencing Mr. Estrada-Hernandez, the Court must consider "the nature and circumstances of the offense," and the need to provide "just punishment." 18 U.S.C. § 3553(a)(1). The instant offense is no doubt serious. However, the offense is not a crime of violence, did not involve any threat of violence or firearms, and thankfully no one was physically harmed in connection with the offense. Mr. Estrada-Hernandez has rightly acknowledged the harm his conduct caused and the lasting regret he feels for his conduct. It is also clear, as discussed below, that Mr. Estrada-Hernandez was unable to hold a regular law-abiding job and was using much of the proceeds of his crime to support his family in Honduras. Additionally, Mr. Estrada-Hernandez was a street level dealer and was not involved with any

cartels or other huge drug conspiracies. He obtained his drugs from two or three other individuals from the street. While this does not excuse his culpability, his desire to support his family and the individual nature of his drug dealing are mitigating factors.

**B. Mr. Estrada-Hernandez's Personal History and Characteristics Support a Variance**

Mr. Estrada-Hernandez was raised by his parents in El Pedemal. He shared that his basic needs were unmet, and resources were "tight." Accordingly, many times he and his family went hungry and could only afford to eat rice, beans, and com tortillas.

Mr. Estrada-Hernandez noted that he was raised in a small one-bedroom house made from adobe. The residence had no electricity or running water. They kept three beds in the living room, each of which was shared amongst two siblings. Mr. Estrada-Hernandez indicated that he was brought up in a safe neighborhood free of crime or violence, however, crime has since increased now that he is older.

As the oldest of his siblings, Mr. Estrada-Hernandez worked in agriculture alongside his father to help provide for their family. Beginning at the age of eight or nine, Mr. Estrada-Hernandez worked in the fields from six in the morning until two in the afternoon. He helped his father grow com, beans, operate machinery, and remove weeds. After a day's work, he went to school until five in the afternoon. Although his father was the primary breadwinner, Mr. Estrada-Hernandez's earnings helped supplement his father's income. When he was not working, Mr. Estrada-Hernandez enjoyed playing soccer.

Mr. Estrada-Hernandez shared that his brother, Gustavo, is developmentally delayed and requires daily assistance. He advised his parents must bathe him and clothe him, and his father must help him use the restroom. Gustavo attends regular doctor visits and requires sleeping medication, otherwise, he remains awake and active throughout the night. Mr. Estrada-Hernandez further informed that his parents suffer with diabetes and high blood pressure, for which they also require medication. In total, Mr. Estrada-Hernandez reportedly sent his family $400 to $500 monthly for medication costs and $350 to $400 monthly for food.

//

**1. Mr. Estrada Hernandez's Eventual Deportation Mitigates the Need for a Lengthy Sentence**

Mr. Estrada-Hernandez is a 43-year-old man from Honduras who is in the United States and is undocumented. As his plea agreement makes clear, it is an almost absolute certainty he will be deported to Honduras as a result of his convictions under 18 U.S.C. § 1543 and 18 U.S.C. § 1014.

The real and punitive consequence of deportation reduces the amount of imprisonment necessary to punish Jorge. (See *U.S. v. Mendez-Velarde,* 798 F.Supp.2d 1249 (D.N.M. 2011); see also *Jordan v. DeGeorge,* 341 U.S. 223, 232 (1951) (Jackson, J, dissenting) (deportation is a "life sentence of banishment in addition to the punishment a citizen would suffer for identical acts.")).

**2. Mr. Estrada-Hernandez's Status As A Deportable Alien Renders Him Ineligible For Halfway House Placement**

Mr. Estrada-Hernandez is a deportable alien and is therefore ineligible for halfway house time. As a deportable alien, he will also serve his time at a higher custody level than citizens. Before the guidelines became advisory, courts were permitted to consider as a mitigating factor the fact that an inmate's status as a deportable alien may increase the severity of his term of imprisonment. *United States v. Charry Cubillos*, 91 F.3d 1342, 1344 (9th Cir. 1996) (holding that sentencing courts may consider a defendant's status as a deportable alien as a basis for a downward departure). The Sentencing Reform Act provides that the BOP shall, to the extent practicable, assure that a prisoner spends some portion of the last 10% of a term of imprisonment under conditions that will allow the prisoner to prepare for re-entry into the community. 18 U.S.C. §3624(c)(1). This includes serving 10% of the sentence imposed or 6 months in a halfway house. 18 U.S.C. §3624(c)(2).

Most defendants will serve approximately six months of their sentence as community confinement although technically they remain in BOP custody. However, as a deportable alien, Mr. Estrada-Hernandez cannot be released into the community and must serve his entire sentence in a custodial sentence. See 8 U.S.C. §1252(a)(2)(A); Bureau of Prisons, Program

Statement, Inmate Security Designation and Custody Classification, P5100.08 (9/12/06).

As a deportable alien, Mr. Estrada-Hernandez will not be eligible for many of the programs offered by the Bureau of Prisons, for example, the RDAP program. By being ineligible for many of the programs, it will affect his ability to reduce the time served on his sentence.

In short, Mr. Estrada-Hernandez will serve a disproportionately longer sentence as compared to a United States citizen. The need to avoid unwarranted sentencing disparities between citizen and alien defendants support a variance. See 18 U.S.C. §3553(a)(6).

## MISCELLANEOUS

Attached as Exhibit "A" are character reference letters from Lidia Gracielina Hernandez Velasquez, Jose Dolores Ramos Estrada, and Delsy Isayana Lopez Ortez in support of Mr. Estrada-Hernandez.

## CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court sentence Mr. Estrada-Hernandez to 48 months on each count to run concurrent.

Dated: September 29, 2026

Respectfully submitted,

BRUCE C. FUNK, Attorney for Defendant, Eber Estrada-Hernandez

# EXHIBIT "A"

Yo Lidia Gracielina Hernandez Velasquez, madre de Ever Naum Romero Hernandez por midia de erta humilde carto le estoy rolicitando la liberta de mi hyo. Ya que el io el responsable de noratra lor padre.

Yo soy una renora de la tercera edad yo padree co de la virta precion alta azucar. Y otra informdader y el ev responrable drayudarnow con lor medicamentor.

Por ijenpla erte tiempo que el no puede trabajar a rido un tiempo dificul para noroatrar porque no tienemor ayuda de nadir se now a complicado la ritacion porque no pademor trabajar por las idad y al mismo tiempo por la imfiermedadir.

Espero comprenda muertar rituacion que er deresperant con el encina de nuerto hiyo.

Purdonin lo hinares y la mala letra porque say una persona que unica mente hice 3 grade.

Que por la pobresar de uno ruer na puda tenir un estudio para rolir adelante.

Atitaminte,

Lidia Gracialiana Hernandez Velasquez
Que el risnar me lor findiga

---

I, Lidia Gracielina Hernandez Velasquez, mother of Ever Naum Romero Hernandez, am writing this humble letter to request my son's release. He is the one responsible for caring for us, his parents.

I am a senior citizen suffering from high blood pressure, diabetes, and other ailments, and Ever is responsible for helping us with our medications.

The time he has been unable to work has been very difficult for us, as we have no help from anyone; our situation has become complicated because we cannot work due to our age and our health conditions.

I hope you understand our desperate situation regarding our son's imprisonment.

Please forgive the errors and poor handwriting, as I only completed the third grade.

Poverty prevented me from getting the education needed to get ahead in life.

Sincerely,

Lidia Gracielina Hernandez Velasquez
May the Lord bless you.

**THE ENGLISH TRANSLATION WAS PROVIDED BY GOOGLE TRANSLATE**

A Quien Corresponda,

Yo, Jose Dolores Ramos Estrada, padre de Eber Nahum Ramos Hernandez por medio de la precente compadesco respectuasamente para exponer la dificil cituacion que enfrenta como padres y solicitar de la manero mar atenta que considere tabarablemente el regreso de mi hiyo Eber Nahum Ramos Hernandez.

yo que el se encuentra detenido y para mi a sido muy dificil yo que yo dependo en lo absoluto de el ya que yo padezco de la precion y el se encargaba de mis medicamentos y ahara enfrento una dificil cituacion y a mis 77 anos ya mo puedo trabajar.

Soy conciente de la cituacion y lamento lo ocurrido con humildad pido disculpar par cualquin afectacian pero como padre se que mi lryo Eber Nahum Ramos Hernandez es uno bueno persona trabajudor lmonrrado y a sido un buen hyo y un buen padre.

mi desco es que mi hiyo puedo regresar a hombrar pronto yo que todo en la familia lo extranomor mucho esperu y tomo en cienta mi petician con el derido respeto que se mercce.

Bendiciones y muchas gracias,

Jose Dolores Ramos Estrada

---

To Whom It May Concern,

I, Jose Dolores Ramos Estrada, father of Eber Nahum Ramos Hernandez, respectfully submit this letter to explain the difficult situation we are facing as a family and to earnestly request that you favorably consider the return of my son, Eber Nahum Ramos Hernandez.

He is currently detained, and this has been very difficult for me; I depend entirely on him, as I suffer from high blood pressure and he used to take care of my medication. I am now facing a difficult situation, and at 77 years of age, I am no longer able to work.

I am aware of the situation and regret what happened; I humbly apologize for any harm caused. However, as a father, I know that my son, Eber Nahum Ramos Hernandez, is a good, hardworking, and honest person, and he has been a good son and a good father.

It is my wish that my son may return home soon, as the whole family misses him greatly. I hope you will consider my request with the respect it deserves.

Blessings and thank you very much,

Jose Dolores Ramos Estrada

**THE ENGLISH TRANSLATION WAS PROVIDED BY GOOGLE TRANSLATE**

A quien corresponda

Yo, Delsy Isayana Lopez Ortez, mayo de edad, por medio de la precente compadezco respetuosamente para exponer la difícil situación que enfrento mi familia y solicitor de la manera mas atento, que considere el regreso de mi pareja de hogar, Eber Nahum Ramos Hernandez, a Honduras.

Reconosco plenamente que mi pareja de hogar se encuentco enfrentando las consecuencias de sus actos. Como familia somos consientes la situacion y lomentomos profundamente lo ocurrido con humilidad, pedimos disculpos por cuolquier afectacion manitestamos nuestro sincero arrepentimiento.

Me permit hacer de su conocimiento que Eber Nahum Ramos Hernandez es el único povecdor economico de bnuestro hogar. Juntos temenos dos hijos menores de edad, Nahiara Elieth Ramos Lopez y Anyelo Enmanuel Castro Lopez quienes dependen de él para su sustento, educación, bienestar y estabilidad emocional. Su aucencia ha generado una cituación muy difícil para nuestra familia, tanto económica como emocionalmente, afectando especialmente a nuestra familia. Tonto en el aspect economico como en el emocional, afectando especialmente o nuestros hijos, quienes necesitan la precencia y el apoyo de su padre.

Nuestra petición no busca justificar lo sucedido, sino apelar a su consideración y sentido humanitario, tomando en cuenta el interes superior de nuestros hijos y el impacto que esta situación ha tenido en nuestro nucleo familiar.

Confiamos en que, al volorar las circunstancias pueda considerarse lo posibilidad de que Eber Nahum Ramos Hernandez regrese a Honduras para reunirse con su familia y continuar cumpliendo con sus responsabilidades como padre y sosten de nuestro hogar.

Agradezco profundamente el tiempo dedicado a la lectura y la atención que puedan brinolar a nuestra situación.

Muchas gracias y bendiciones.

Att: Delsy Isayana Lopez Ortez

---

To Whom It May Concern:

I, Delsy Isayana Lopez Ortez, of legal age, respectfully submit this letter to explain the difficult situation my family is facing and to earnestly request that you consider allowing my partner, Eber Nahum Ramos Hernandez, to return to Honduras.

I fully acknowledge that my partner is facing the consequences of his actions. As a family, we are aware of the situation and deeply regret what occurred; we humbly apologize for any harm caused and express our sincere remorse.

I wish to inform you that Eber Nahum Ramos Hernandez is the sole financial provider for our household. Together, we have two minor children—Nahiara Elieth Ramos Lopez and Anyelo Enmanuel Castro Lopez—who depend on him for their sustenance, education, well-being, and emotional stability. His absence has created a very difficult situation for our family, both financially and emotionally, particularly affecting our children, who need their father's presence and support.

Our request does not seek to justify what happened, but rather to appeal to your consideration and humanitarian spirit, taking into account the best interests of our children and the impact this situation has had on our family unit.

We trust that, upon evaluating the circumstances, you might consider the possibility of Eber Nahum Ramos Hernandez returning to Honduras to reunite with his family and continue fulfilling his responsibilities as a father and provider for our home.

I deeply appreciate the time taken to read this letter and the attention you may give to our situation.

Thank you very much, and blessings.

Sincerely,

Delsy Isayana Lopez Ortez

**THE ENGLISH TRANSLATION WAS PROVIDED BY GOOGLE TRANSLATE**

**CERTIFICATE OF SERVICE**

I declare that I am over the age of 18, am not a party to this action, and am employed in the county where the service described below occurred.

On September 29, 2026, I served the foregoing **DEFENDANT'S SENTENCING MEMORANDUM** on:

Amani Floyd, AUSA
United States Attorney's Office
60 S. Market Street, Suite 1200
San Jose, CA 95113
amani.floyd@usdoj.gov

The document was served by email at the designated electronic-service address(es) as listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 29, 2026, at San Jose, California.

LISSA IRELAND